IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE

| | |
|---|---|
| Shene Bledsoe,<br><br>   Plaintiff,<br><br> vs.<br><br>Trans Union, LLC,<br>a Delaware limited liability company,<br>Equifax Information Services, LLC,<br>a Georgia limited liability company,<br>General Motors Financial Company, Inc.,<br>a Texas corporation,<br>First Premier Bank,<br>a South Dakota company, and<br>Utah Higher Education Assistance Authority,<br>a government agency,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, SHENE BLEDSOE, BY AND THROUGH COUNSEL, and for her Complaint against the Defendants pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq*. [hereinafter "FCRA"]).

## **VENUE**

3. Venue is proper in the Western District of North Carolina as the transactions and occurrences that gave rise to this action occurred within the Western District of North Carolina.

1

## PARTIES

4. Plaintiff is a natural person residing in Huntersville, Mecklenburg County, North Carolina.

5. The Defendants to this lawsuit are:

    a. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the State of North Carolina;

    b. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of North Carolina;

    c. General Motors Financial Company, Inc. ("GM Financial") is a Texas corporation that conducts business in the State of North Carolina;

    d. First Premier Bank ("First Premier") is a South Dakota company that conducts business in the State of North Carolina; and

    e. Utah Higher Education Assistance Authority ("UHEAA") that conducts business in the State of North Carolina.

## GENERAL ALLEGATIONS

6. GM Financial and First Premier are inaccurately reporting their trade lines in Plaintiff's Trans Union credit file without a balance, monthly payment amount or notations reflecting Plaintiff's payment toward the respective subject accounts.

7. Both trade lines should report a balance, monthly payment amount and payment activity, as the trade lines are included in Plaintiff's Chapter 13 bankruptcy and the subject accounts are being paid pursuant to the bankruptcy plan.

8. Utah Higher Ed/Dept is inaccurately reporting its trade line as closed and included in bankruptcy on Plaintiff's Equifax credit file.

9. This is false, as its account was not included in Plaintiff's Chapter 13 Bankruptcy.

10. The above trade lines are hereinafter referred to as "Errant Trade Lines."

11. On or about September 22, 2016, Ms. Bledsoe filed for Chapter 13 bankruptcy.

12. On or about April 5, 2017, Ms. Bledsoe's Chapter 13 bankruptcy plan was confirmed by the court.

13. On or about October 27, 2017, Ms. Bledsoe obtained her credit files and discovered GM Financial, First Premier and UHEAA inaccurately reporting the Errant Trade Lines.

14. On or about November 13, 2017, Ms. Bledsoe submitted letters to Equifax and Trans Union disputing the Errant Trade Lines, attached the bankruptcy petition, bankruptcy plan and the order confirming the bankruptcy plan to the letter and asked the credit bureaus to report the correct information.

15. Upon information and belief, Equifax and Trans Union forwarded Ms. Bledsoe's dispute to GM Financial, First Premier and UHEAA.

16. On or about January 9, 2018, Ms. Bledsoe obtained her Trans Union credit file and noticed that GM Financial's trade line continued to report without a balance, monthly payment amount or payment activity.

17. On or about January 9, 2018, Ms. Bledsoe obtained her Equifax credit file and noticed that First Premier's trade line continued to report without a balance, monthly payment amount or payment activity.

18. Ms. Bledsoe further noticed that UHEAA's trade line continued to report as closed and included in bankruptcy.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered

3

credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GM FINANCIAL

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Trans Union of Ms. Bledsoe's consumer dispute of the inaccurate balance and monthly payment amount on the Errant Trade Line, GM Financial negligently failed to conduct a proper investigation of Ms. Bledsoe's dispute as required by 15 USC § 1681s-2(b).

22. GM Financial negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC § 1681s-2(b), and failed to direct Trans Union to report the correct balance and monthly payment.

23. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Bledsoe's consumer credit file with Trans Union to which it is reporting such trade line.

24. As a direct and proximate cause of GM Financial's negligent failure to perform its duties under the FCRA, Ms. Bledsoe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

4

25. GM Financial is liable to Ms. Bledsoe by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC § 1681o.

26. Ms. Bledsoe has a private right of action to assert claims against GM Financial arising under 15 USC § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant GM Financial for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GM FINANCIAL

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Trans Union that Ms. Bledsoe disputed the accuracy of the information it was providing, GM Financial willfully failed to conduct a proper reinvestigation of Ms. Bledsoe's dispute, and willfully failed to direct Trans Union to report the correct balance and monthly payment.

29. GM Financial willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC § 1681s-2(b).

30. As a direct and proximate cause of GM Financial's willful failure to perform its duties under the FCRA, Ms. Bledsoe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. GM Financial is liable to Mr. Bledsoe for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by

5

the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant GM Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by Equifax of Ms. Bledsoe's consumer dispute of the inaccurate balance and monthly payment amount on the Errant Trade Line, First Premier negligently failed to conduct a proper investigation of Ms. Bledsoe's dispute as required by 15 USC § 1681s-2(b).

34. First Premier negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC § 1681s-2(b), and failed to direct Equifax to report the correct balance and monthly payment.

35. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Bledsoe's consumer credit file with Equifax to which it is reporting such trade line.

36. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Ms. Bledsoe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

37. First Premier is liable to Ms. Bledsoe by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC § 1681o.

38. Ms. Bledsoe has a private right of action to assert claims against First Premier arising under 15 USC § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Equifax that Ms. Bledsoe disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Ms. Bledsoe's dispute, and willfully failed to direct Equifax to report the correct balance and monthly payment.

41. First Premier willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC § 1681s-2(b).

42. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Ms. Bledsoe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

43. First Premier is liable to Mr. Bledsoe for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UHEAA**

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. After being informed by Equifax of Ms. Bledsoe's consumer dispute of the inaccurate status on the Errant Trade Line, UHEAA negligently failed to conduct a proper investigation of Ms. Bledsoe's dispute as required by 15 USC § 1681s-2(b).

46. UHEAA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC § 1681s-2(b), and failed to direct Equifax to correct the inaccurate status on the Errant Trade Line.

47. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Bledsoe's consumer credit file with Equifax to which it is reporting such trade line.

48. As a direct and proximate cause of UHEAA's negligent failure to perform its duties under the FCRA, Ms. Bledsoe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

49. UHEAA is liable to Ms. Bledsoe by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC § 1681o.

50. Ms. Bledsoe has a private right of action to assert claims against UHEAA arising under 15 USC § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant UHEAA for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UHEAA**

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. After being informed by Equifax that Ms. Bledsoe disputed the accuracy of the information it was providing, UHEAA willfully failed to conduct a proper reinvestigation of Ms. Bledsoe's dispute, and willfully failed to direct Equifax to correct the inaccurate status.

53. UHEAA willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC § 1681s-2(b).

54. As a direct and proximate cause of UHEAA's willful failure to perform its duties under the FCRA, Ms. Bledsoe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

55. UHEAA is liable to Mr. Bledsoe for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant UHEAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bledsoe as that term is defined in 15 USC § 1681a.

58. Such reports contained information about Ms. Bledsoe that was false, misleading, and inaccurate.

59. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Bledsoe, in violation of 15 USC § 1681e(b).

60. After receiving Ms. Bledsoe's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

61. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Bledsoe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Ms. Bledsoe by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY TRANS UNION

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bledsoe as that term is defined in 15 USC § 1681a.

65. Such reports contained information about Ms. Bledsoe that was false, misleading, and inaccurate.

66. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Bledsoe, in violation of 15 USC § 1681e(b).

67. After receiving Ms. Bledsoe's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

68. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Bledsoe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Trans Union is liable to Ms. Bledsoe by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

# COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bledsoe as that term is defined in 15 USC § 1681a.

72. Such reports contained information about Ms. Bledsoe that was false, misleading, and inaccurate.

73. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Bledsoe, in violation of 15 USC § 1681e(b).

74. After receiving Ms. Bledsoe's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

75. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Bledsoe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Equifax is liable to Ms. Bledsoe by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

# COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY EQUIFAX

77. Plaintiff realleges the above paragraphs as if recited verbatim.

78. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Bledsoe as that term is defined in 15 USC § 1681a.

79. Such reports contained information about Ms. Bledsoe that was false, misleading, and inaccurate.

80. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Bledsoe, in violation of 15 USC § 1681e(b).

81. After receiving Ms. Bledsoe's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

82. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Bledsoe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

83. Equifax is liable to Ms. Bledsoe by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 26, 2018

By: /s/ Patrick Blair
Patrick Blair, Esq.
Law Office of Patrick Blair
Attorneys for Plaintiff,
5401 Red Fox Dr.
Oak Ridge, NC 27310
Telephone: (310) 422-0543
E-mail: patblair@hotmail.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840