# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-043-RJC-DCK

| | |
|---|---|
| SHENE BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| TRANS UNION, LLC, EQUIFAX ) | |
| INFORMATION SERVICES, LLC, UTAH ) | |
| HIGHER EDUCATION ASSISTANCE ) | |
| AUTHORITY, and FIRST PREMIER BANK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Trans Union LLC's First Amended Motion To Dismiss Complaint" (Document No. 31). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

Shene Bledsoe ("Plaintiff" or "Bledsoe") initiated this action with the filing of a "Complaint" (Document No. 1) on January 26, 2018. The Complaint asserts that jurisdiction is appropriate pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*. ("FCRA"). (Document No. 1, p. 1). According to the Complaint, GM Financial Company, Inc. ("GM Financial") and First Premier Bank ("First Premier") "are inaccurately reporting their trade lines in Plaintiff's Trans Union credit file..." and Utah Higher Education Assistance Authority ("UHEAA") is "inaccurately reporting its trade line . . . on Plaintiff's Equifax credit file."

(Document No. 1, p. 2). Plaintiff refers to these allegedly inaccurately reported "trade lines" as "Errant Trade Lines." (Document No. 1, p. 3).

The Complaint notes that Plaintiff Bledsoe filed for Chapter 13 bankruptcy on or about September 22, 2016. Id. Plaintiff contends that due to "Defendants' negligent and/or willful failure to comply with" FCRA, "Plaintiff has suffered credit and emotional damages." (Document No. 1, pp. 3-4).[1] Most pertinent to this "Memorandum And Recommendation," Plaintiff alleges in Counts VII and VIII that Trans Union, LLC ("Defendant" or "Trans Union") is liable for negligent and willful violation of FCRA. (Document No. 1, pp. 10-11).

Defendant originally filed a "…Motion To Dismiss…" (Document No. 24) on May 14, 2018, to which Plaintiff filed a "…Response…" (Document No. 29) on May 29, 2018. Defendant then filed a second motion to dismiss, captioned as a "…First Amended Motion To Dismiss Complaint" (Document No. 31) on June 4, 2018, pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The Court subsequently accepted the amended motion and denied the original motion to dismiss as moot, and then set a deadline for Plaintiff to respond to the "Amended Motion To Dismiss." See (Document No. 33). Plaintiff filed a renewed "…Response…" on June 20, 2018; and Defendant's "…Reply…" was filed on June 27, 2018. (Document Nos. 34 and 35).

The pending "…Amended Motion To Dismiss Complaint" (Document No. 31) is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The

---

[1] On August 14, 2018, Plaintiff filed a "Notice Of Voluntary Dismissal As To General Motors Financial Company, Inc., Only With Prejudice And Without Costs To Either Party" (Document No. 36).

existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case.  Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, 945 F.2d at 768.  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled

>    to relief." Specific facts are not necessary; the statement need only
>    "'give the defendant fair notice of what the ... claim is and the
>    grounds upon which it rests.'" In addition, when ruling on a
>    defendant's motion to dismiss, a judge must accept as true all of the
>    factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

One of Defendant Trans Union's primary arguments for dismissal of this lawsuit is that Plaintiff is judicially estopped from pursuing this action based on her pending bankruptcy action and/or her "continued failure to disclose her claims in this case to the bankruptcy court." (Document No. 35, p. 3); see also (Document No. 32). Although it is unclear why Plaintiff's disclosure was delayed, the undersigned takes notice that Plaintiff filed an "Amended Declaration" in the United States Bankruptcy Court For The Western District Of North Carolina, Bankruptcy Petition # 16-31541 (Document No. 62) on July 11, 2018, after the pending motion for dismissal of this case had been fully briefed. Neither side updated this Court regarding the Amended Declaration or otherwise sought to supplement its briefing here. The "Amended Declaration" notes the pending claims against Defendants and lists the value of this action as $29,273.36. See (Document No. 62, p. 13; W.D.N.C. Bankruptcy No. 16-31541).

Defendant also argues that Plaintiff has failed to adequately plead the elements of a FCRA claim against Defendant and to provide sufficient factual allegations to support her claims.

(Document Nos. 32 and 35). In response, Plaintiff suggests that if she is allowed to amend her Complaint she could provide additional factual support for her claims and alleged damages. (Document No. 34).

Under the circumstances of this case, including: the voluntary dismissal of General Motors Financial Company, Inc.; developments in the related bankruptcy action; Plaintiff's valuation of this case in the bankruptcy action; and Plaintiff's indication that she can provide additional factual content to support her claims – the undersigned finds good cause to recommend that Plaintiff be directed to file an Amended Complaint. The undersigned will also recommend that the instant motion be denied as moot, without prejudice to Defendant Trans Union filing a similar dispositive motion at a later date, some time after a case management order has been entered.

The undersigned notes that the other remaining Defendants have filed Answers and are presumably prepared to move forward with discovery. As such, the undersigned further recommends that the parties be required to proceed with an Initial Attorney's Conference and Certification of Initial Attorney's Conference pursuant to Local Rule 16.1.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Trans Union LLC's First Amended Motion To Dismiss Complaint" (Document No. 31) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be directed to file an Amended Complaint on or before **December 21, 2018**.

**IT IS FURTHER RECOMMENDED** that the parties' counsel be directed to file a Certificate Of Initial Attorney's Conference on or before **January 18, 2019**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 7, 2018

David C. Keesler
United States Magistrate Judge