IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil No. 3:18-cv-00043-RJC-DCK

| | |
|---|---|
| SHENE BLEDSOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **DEFENDANT TRANS UNION** |
| | ) **LLC'S BRIEF IN SUPPORT OF ITS** |
| TRANS UNION, LLC, EQUIFAX | ) **MOTION TO DISMISS** |
| INFORMATION SERVICES, LLC, GENERAL | ) **PLAINTIFF'S FIRST AMENDED** |
| MOTORS FINANCIAL COMPANY, INC., | ) **COMPLAINT** |
| FIRST PREMIER BANK, and UTAH HIGHER | ) |
| EDUCATION ASSISTANCE AUTHORITY, | ) |
| Defendants. | ) ) |

COMES NOW, Trans Union LLC ("Trans Union"), and files its Brief in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, and would respectfully show the Court as follows:

## I.  SUMMARY

Plaintiff Shene Bledsoe ("Plaintiff") alleges that Trans Union inaccurately reported her General Motors Financial ("GM") and First Premier Bank ("First Premier") accounts during the pendency of her open Chapter 13 bankruptcy. Dismissal is warranted because Plaintiff has alleged a legal question, and not a factual inaccuracy, that a consumer reporting agency is not required to resolve. This is a threshold element to both Plaintiff's §§ 1681e(b) and 1681i claims, the absence of which is fatal to Plaintiff's claims. Dismissal is also appropriate because even if Plaintiff had sufficiently alleged Fair Credit Reporting Act ("FCRA") claims, she failed to plead any recoverable damages. Because Plaintiff was a debtor in an open Chapter 13 bankruptcy at all times relevant, Plaintiff was prohibited from applying for new debt without the permission of the trustee or bankruptcy court, which she never sought, and therefore, Plaintiff could not have

sustained a concrete injury in the form of credit damages or credit-related emotional damages. The Court should also dismiss Plaintiff's claims related to her First Premier account because Plaintiff never disputed the accuracy of the reporting of this account with Trans Union.

Finally, Plaintiff failed to plead facts demonstrating that the Court has subject matter jurisdiction as a result of having no recoverable damages due to her pending Chapter 13 bankruptcy. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(6) and 12(b)(1).

## II. BACKGROUND

Plaintiff filed Chapter 13 bankruptcy on September 22, 2016, in the U.S. Bankruptcy Court for the Western District of North Carolina ("Bankruptcy").[1] Dkt. 44, ¶ 11. Plaintiff alleges that accounts with GM and First Premier were included in her Chapter 13 Plan. *Id.* at ¶ 7. An order converting Plaintiff's Chapter 13 Bankruptcy to a Chapter 7 was entered on June 6, 2018. *See* Bankruptcy, Dkt. 50. On October 16, 2018, the Bankruptcy Court entered an Order Discharging Plaintiff's bankruptcy. *Id.* at Dkt. 68.

Plaintiff alleged that on November 13, 2017, she submitted a letter to Trans Union disputing the reporting of her GM and First Premier accounts. Dkt. 44, ¶ 14. Plaintiff alleges that in her letter to Trans Union she complained that her GM and First Premier accounts were reporting without a balance or payment history and that this constituted a violation of §§ 1681e(b) and 1681i of the FCRA. *Id.* at ¶¶ 16 and 49-50. In fact, in Plaintiff's November 13,

---

[1] Plaintiff's bankruptcy case is number 16-31541 in the United States Bankruptcy Court for the Western District of North Carolina. The Court is permitted to refer to the Bankruptcy docket and filings without converting this motion to a motion for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *see also, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

2017 letter to Trans Union, Plaintiff does not dispute the reporting on her First Premier account. An authentic copy of Plaintiff's November 13, 2017 correspondence to Trans Union is attached hereto as Exhibit "1."[2]

### III. APPLICABLE LEGAL STANDARDS

#### A. 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the allegations fail to set forth facts which, if true, would entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must raise the right to relief beyond the speculative level, and plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Although a court must liberally construe a pro se plaintiff's allegations, it 'cannot ignore a clear failure to allege facts' that set forth a cognizable claim." *Campbell v. Wells Fargo Bank, N.A.,* 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014)(citing *Johnson v. BAC Home Loans Servicing, LP,* 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). While courts considering a Rule 12(b)(6) motion generally accept all well-pleaded allegations in a complaint as true, mere conclusory allegations, absent supporting factual averments, are not sufficient to state a claim upon which relief can be granted. See *Hinton v. Trans Union,* LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (granting motion to dismiss 15 U.S.C 1681g claim because allegations were merely "unadorned, the defendant-unlawfully-harmed-me accusations" (citation omitted)); *Jackson v. Warning,* No. PJM 15-1233, 2016 U.S. Dist. LEXIS 172589, at *2 (D. Md. Dec. 13, 2016) (dismissing *pro se* FCRA

---

[2] Federal Rule of Civil Procedure 10(c); *see also Goines v. Valley Comm. Srvcs. Bd.*, 822 F.3d 159, 164-166 (4th Cir. 2016) (documents explicitly incorporated in a complaint by reference may be attached to a motion to dismiss and considered by the court).

claims); *Kant v. Bregman*, 84 Fed. App'x. 355 (4th Cir. 2004) (affirming dismissal of civil rights claim because plaintiff's only asserted conclusory allegations unsupported by any factual averments); *Mason v. Potter*, 81 Fed. App'x. 767 (4th Cir. 2003) (same); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (cannot rely merely on conclusory allegations); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (must present more than naked allegations to survive dismissal); *Jones v. Duncan*, 2009 U.S. Dist. LEXIS 93328 (D.N.C. 2009) (case dismissed because plaintiff did not allege a single fact to overcome her showings that no violations occurred).

    B.    **12(b)(1) Lack of Subject Matter Jurisdiction**

Standing is jurisdictional and a dismissal for lack of standing has the same effect as dismissing for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Kern v. U.S.*, 585 F.3d 187, 192-193 (4th Cir. 2009). A motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) falls into one of two categories: a facial attack or a factual attack. *Beck v. McDonald,* 848 F.3d 262, 270 (4th Cir. 2017). Facial attacks on a complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations "in the complaint are taken as true." *Id.* Factual attacks challenge the existence of subject matter jurisdiction irrespective of the pleadings and matters outside the pleadings are considered. *Id.*

### IV.    <u>ARGUMENTS AND AUTHORITIES</u>

    A.    **Plaintiff's Complaint Should Be Dismissed Because No Inaccuracy has Been Pled**

To survive a motion to dismiss, Plaintiff must allege facts supporting the essential elements of each of her claims. Plaintiff alleged violations of §§ 1681e(b) and 1681i of the FCRA. Both of those claims require Plaintiff to plead: (1) there was inaccurate information

contained in her Trans Union credit report, and (2) that she sustained damages that were caused by Trans Union. *See, e.g., Spitzer v. Trans Union LLC,* 140 F. Supp.2d 562, 564 (E.D.N.C. 2000); *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-60 (11th Cir. 1991) (Under § 1681e(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 89 (9th Cir. 2010) (Under § 1681i, a plaintiff must make a prima facie showing of inaccurate reporting.). Because Plaintiff failed to plead a factual inaccuracy, Plaintiff's First Amended Complaint should be dismissed in its entirety.

### 1. No Factual Inaccuracy Exists as the Reporting on the Disputed Accounts is a Legal Question

Plaintiff's inaccuracy claims are centered around the alleged reporting of her GM and First Premier accounts during the pendency of Plaintiff's Chapter 13 Bankruptcy. *See generally* Dkt. 44 and Bankruptcy. Plaintiff's allegations regarding the reporting or non-reporting of account information during Plaintiff's Bankruptcy are not factual inaccuracies that support a claim under the FCRA. Rather, determination of Plaintiff's alleged inaccuracy requires complex legal interpretation of the United States Bankruptcy Code which a CRA is not required to make.

It is well settled that only factual inaccuracies, not legal inaccuracies, can give rise to liability under the FCRA. *See, e.g., Myrick v. Equifax Information Services, LLC,* 2017 WL 3324467 (E.D. N.C. August 3, 2017) (CRAs are not required to hire trained legal specialists to examine court records to determine whether there is potentially inaccurate information in a consumer's credit file); *see also Carvalho*, 629 F.3d at 891 (explaining credit bureaus are "not tribunals"). For example, an alleged inaccuracy arising from the legal validity of a mortgage

loan "is not a factual inaccuracy…but rather a legal issue that a credit agency…is neither qualified nor obligated to resolve under the FCRA." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Pagazani v. Equifax Info. Servs., LLC*, No. 15-cv-61467-BLOOM, 2016 U.S. Dist. LEXIS 68563, at *12-15 (S.D. Fla. May 24, 2016) (Plaintiff's challenge to Equifax's reporting was "not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue [implicating applicable banking and commerce laws] that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA.").

The FCRA does not require CRAs to proactively monitor bankruptcy court dockets, review the proceedings, and interpret their meaning, so there can be no general liability under § 1681e(b). *See, e.g., Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (holding that there is no duty under § 1681e(b) to pull and review bankruptcy dismissal where that "would [] require a live human being, with at least a little legal training, to review every bankruptcy dismissal and classify it"); *George v. Chex Sys., Inc.*, No. 16-2450, 2017 WL 119590, at *3 (D. Kan. Jan. 12, 2017) (granting a motion to dismiss because "the 'maximum possible accuracy' standard of § 1681e does not require [the CRA] to check PACER prior to preparing a report").

Similarly, courts have dismissed a plaintiff's claims if they require a third party to "scour" a bankruptcy file and make judgments about which debts are included, as this "is precisely the kind of legal question the credit reporting agencies are neither qualified nor obligated to answer." *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016) (dismissing claims following a Chapter 13 discharge because

requiring a CRA to determine "whether a specific account was discharged . . . is [a] legal question that credit reporting agencies are neither qualified nor obligated to answer.").

The accurate reporting by Trans Union of legal information and terms contained in Plaintiff's Chapter 13 bankruptcy plan are not factual inaccuracies that Trans Union is obligated to interpret under by the FCRA. The only alleged inaccuracies contained in Plaintiff's First Amended Complaint are based on legal contentions that may only be dissected by making legal interpretations and conclusions regarding the treatment of Plaintiff's debts under United States Bankruptcy Code. As a result of Plaintiff failing to plead a factual inaccuracy, Plaintiff's § 1681e(b) claim should be dismissed.

2. **Plaintiff Does Not Adequately Allege that Trans Union Failed to Follow Reasonable Procedures**

Plaintiff is required to sufficiently allege that Trans Union failed to follow reasonable procedures to support her § 1681e(b). *Dalton v. Capital Associate Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Cassara v. DAC Servs.*, 276 F.3d 1210, 1217 (10th Cir. 2002). A determination of the reasonableness of a CRA's procedures "involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3rd Cir. 2010). Where the "inaccuracy at issue simply does not permit any inference as to the reasonableness of Trans Union's procedures," the plaintiff cannot meet her burden. *See Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1080 (D. Ore. 2007).

Plaintiff vaguely alleged that the reporting of her GM and First Premier accounts were inaccurate in light of the details confirmed in her Chapter 13 bankruptcy plan. Dkt. 44, ¶¶ 14, 16 and 48. First, as stated above, no factual inaccuracy existed as the reporting of an account

included in a bankruptcy is a legal issue. Second, Plaintiff cannot meet her burden to show Trans Union's procedures were unreasonable given the complexities that a Chapter 13 bankruptcy presents and because the alleged inaccuracy here "does not permit any inference as to the reasonableness of Trans Union's procedures." *See Saenz*, 621 F. Supp. 2d at 1080. Accordingly, Plaintiff's § 1681e(b) claim should be dismissed.

### 3. Plaintiff Failed to Plead Facts to Support Causation and Damages

Another critical element missing from Plaintiff's §§ 1681e(b) and 1681i claims is to allege she suffered damages that were caused by Trans Union. Without injury or damages, Plaintiff's claims asserted under §§ 1681e(b) and 1681i fail. *See Smith v. Auto Mashers, Inc.*, 85 F. Supp. 2d 638, 640 (W.D. Va. 2015); *Smith v. E-BackgroundChecks.com, Inc.*, 81 F. Supp. 3d 1342, 1357 (N.D. Ga. 2014) (Under § 1681e(b), a "plaintiff must establish… [he] suffered [an] injury." (internal quotations omitted)); *Steed v. Equifax Info. Servs.*, LLC, No. 1:14-cv-00437-SCJ-CMS, 2016 U.S. Dist. LEXIS 185257, at *33 (N.D. Ga. July 15, 2016) (citing *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011)) (Under § 1681i, "a plaintiff must allege and prove that . . . the failure to reinvestigate caused the consumer to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress."). Plaintiff's First Amended Complaint should be dismissed in its entirety because Plaintiff's claimed damages are not recoverable, or alternatively, have not been adequately pled.

#### i. Plaintiff was Prohibited from Applying for new Credit

During the relevant time period alleged in Plaintiff's First Amended Complaint, Plaintiff was a debtor in a pending Chapter 13 bankruptcy. *See* Bankruptcy, Dkt. 1. In her First Amended Complaint Plaintiff claims to have suffered "credit and emotional damages" and has

been "forced to refrain from applying for new credit or more favorable terms on existing credit lines." Dkt. 44, ¶ 21.

Plaintiff's alleged damages are completely without merit because Plaintiff did not even have the legal capacity to seek or incur debt without the approval of the Bankruptcy Court. Bankr. W.D.N.C. L.R. 4002-1(e)(2) ("…[Chapter 13] debtor requests to incur credit must be approved by the Court."); s*ee also In re Thornton*, 21 B.R. 462, 464 (Bankr. W.D. Va. 1982); *In re Chaney*, 308 B.R. at 590-91. Plaintiff has failed to allege that she sought the permission of the Bankruptcy Court or acquired any additional debt with its permission. Likewise, Plaintiff's claim for emotional damages arising from being "forced to refrain from applying for new credit or more favorable terms on existing credit lines" are unsupportable because of the requirement of the bankruptcy court that she seek the Court's permission before doing so. *Id.* For the foregoing reasons, as a matter of law, Plaintiff could not have suffered damage to her credit and her claims should be dismissed.

**B. Plaintiff's § 1681i Claim Should be Dismissed**

Plaintiff's § 1681i claim fails for the same reasons stated in sections IV.A above—the failure to show that a factual inaccuracy was present in her consumer files or that she suffered damages. For her § 1681i claims, Plaintiff must plead and prove that: (1) her consumer files contain inaccurate or incomplete information; (2) Plaintiff notified the CRA of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused Plaintiff to suffer damages. *Wadley v. Experian Information Solutions, Inc.*, 241 Fed. App'x 132 (4th Cir. 2007); *see also, e.g., Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233,

1236 (D. Or. 2002). Accordingly, because Plaintiff has alleged a legal question and not a factual inaccuracy, or pled any recoverable damages, her § 1681i claim fails as a matter of law, and should be dismissed.

1. **Plaintiff did not Dispute her First Premier Account**

Plaintiff's § 1681i claim related to her First Premier account should also be dismissed because Plaintiff never disputed this account with Trans Union. Plaintiff's contention that this account was disputed is premised on the demonstrably inaccurate allegation that she disputed the First Premier account with Trans Union in correspondence dated November 13, 2017. Dkt. 44, ¶ 14. Plaintiff explicitly incorporated her correspondence to Trans Union in paragraph 14 of her Complaint. *Id.*; *see Goines v. Valley Comm. Srvcs. Bd.*, 822 F.3d at 164-166. Plaintiff's reference to her correspondence to Trans Union is inarguably integral to her Complaint because the submission of a dispute to a credit reporting agency is a necessary prerequisite to her § 1681i claim. *See* 15 U.S.C. § 1681i.

As plainly seen in Plaintiff's November 13, 2017, letter to Trans Union, Plaintiff does not dispute the reporting on her Trans Union credit file of her First Premier account. Exhibit "1." The exhibit-prevails rule holds that "in the event of conflict between the bare allegations of the complaint and any exhibit attached…, the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). As a result, Plaintiff's § 1681i claim related to her First Premier account fails as a matter of law because it was never disputed with Trans Union and should be dismissed by this Court.

### 2. Plaintiff Failed to Sufficiently Allege an Unreasonable Reinvestigation

Plaintiff's claim of an unreasonable reinvestigation fails because it contains nothing more than conclusory and self-serving allegations, at best. The fact that Plaintiff personally disagrees with the result of the investigation does not satisfy the pleading requirements of a § 1681i claim. It is well established that the mere allegation that a reinvestigation was unreasonable without any supporting facts showing how the CRA's actions were unreasonable is insufficient to state a claim. *See, e.g., O'Connor v. Capital One, N.A.*, No. CV-00177-KAW, 2014 U.S. Dist. LEXIS 74045, at *20-21 (N.D. Cal. May 29, 2014) (dismissing complaint when plaintiff "fail[ed] to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable.").

When conducting a reinvestigation, the FCRA requires a CRA to review and consider all relevant information submitted by the consumer, but "it does not say the agency must accept it at face value." *Anderson v. Trans Union LLC*, 367 F. Supp. 2d 1225, 1234 (W.D. Wis. 2005). Instead, the decisive inquiry in whether a consumer has identified an actionable, factual inaccuracy on his or her credit report is whether the credit bureau could have uncovered additional facts that would have revealed the inaccuracy if it had reasonably reinvestigated the matter. *Cahlin*, 936 F.2d at 1160 (holding the proper inquiry is whether the factual deficiency could have been remedied by uncovering additional facts that provide a more accurate representation about the entry). Plaintiff's First Amended Complaint should be dismissed as Plaintiff has failed to allege that she disputed a factual inaccuracy where additional facts could have been uncovered to reveal the alleged inaccuracy.

### 3. Plaintiff Failed to Sufficiently Allege that the Failure to Reinvestigate Caused Plaintiff to Suffer Damages

Plaintiff's damage allegations are also insufficient to support a claim under § 1681i. As with her § 1681e(b) claims, Plaintiff fails to provide any clarity on how she was allegedly harmed due to Trans Union's alleged violation of § 1681i. Plaintiff's § 1681i claim fails for the same reasons stated in section IV.A above.

### C. Plaintiff's Willfulness Claims Should be Dismissed

Plaintiff alleges willful violations of §§ 1681e(b) and 1681i. Dkt. 44, ¶ 56-57. Plaintiff's willfulness claims, however, fail for the reasons set forth in section IV.A: (1) no factual inaccuracy exists, and (2) no damages or causation.

Willfulness claims may be dismissed through a 12(b)(6) motion. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282-83 (11th Cir. 2017). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-59 (2007). Plaintiff also failed to meet her burden of sufficiently alleging that Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language, and then alleging how Trans Union ran a risk of violating the FCRA was substantially greater than the risk associated with a reading that was merely careless. *Id.* Plaintiff must show that Trans Union acted in a manner that made it highly probable that harm would follow. *Id.* at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant that merely adopts one such interpretation cannot be found to have willfully violated the FCRA. *Id.* at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and not be considered willful. *Id.* at 69-70.

"An interpretation that favors the agency must be 'objectively unreasonable' under either the text of the Act or 'guidance from the court of appeals or Federal Trade Commission that might have warned [the agency] away from the view it took.'" *Vanaman v. Nationstar Mortgage, LLC*, 2017 WL 1097189, *4 (citing *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009)). Further, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 U.S. Dist. LEXIS 29665, at *35-38 (D. Mass. Jan. 24, 2014); *Hill*, 974 F. Supp. 2d at 869; *Valvo v. Trans Union LLC*, No. 04-70S, 2005 U.S. Dist. LEXIS 39120, at *22-24 (D.R.I. Oct. 27, 2005); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007)(citation omitted). Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Solutions*, No. 1:CV-09-0850, 2010 U.S. Dist. LEXIS 39616, at *2-3, 14-15 (M.D. Pa. Apr. 22, 2010). Plaintiff's conclusory allegations of willfulness are insufficient. Plaintiff cannot show that Trans Union's actions made it highly probable that harm would follow and as a result, her willfulness claims should be dismissed.

### D. Plaintiff's First Amended Complaint Should be Dismissed Pursuant to Rule 12(b)(1)

Plaintiff's First Amended Complaint not only fails to satisfy the pleading requirements of Rule 12(b)(6), but also fails to establish subject matter jurisdiction under 12(b)(1). To adequately plead Article III standing, a plaintiff must allege: (1) that he or she "suffered an injury in fact," (2) that the injury "is fairly traceable to the challenged conduct of the defendant," and (3) that the injury "is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v.*

*Robins,* 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of establishing these elements. *Id.* At the pleading stage, a plaintiff must 'clearly allege facts demonstrating each element.'" *Gagliardi v. City of Boca Raton*, No. 16-CV-80195-KAM, 2017 U.S. Dist. LEXIS 46805, at *13 (S.D. Fla. Mar. 28, 2017).

The "'[f]irst and foremost'" element—injury in fact— requires Plaintiff to plausibly allege that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). Indeed, "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.*; *Mejia v. Ocwen Loan Servicing*, No. 16-16353, 2017 U.S. App. LEXIS 14533, at *10 (11th Cir. Aug. 8, 2017).

Standing requires that a plaintiff suffer a concrete injury. The Supreme Court has stated that a "'concrete' injury must be 'de facto;' that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.' Concreteness, therefore, is quite different from particularization." *Spokeo*, 136 S. Ct. at 1548 (internal citations omitted). "Mere '[a]llegations of possible future injury' will not establish an injury in fact." *Does v. Boies, Schiller & Flexner, LLP,* No. 17-11993, 2017 U.S. App. LEXIS 19306, at *3-4 (11th Cir. Oct. 4, 2017) (quoting *Whitmore v. Ark.*, 495 U.S. 149, 158 (1990)). "Indeed, a 'threatened injury must be certainly impending to constitute injury in fact." *Id.* (internal quotations omitted).

### 1. Plaintiff Cannot Have a Concrete Credit Injury

Plaintiff cannot have a concrete injury based on her alleged credit damages. Dkt. 44, ¶ 21. Under various Bankruptcy Code requirements designed to protect creditors' interests and

debtors during the pendency of a Chapter 13 Bankruptcy plan, debtors, such as Plaintiff, are prohibited from incurring new debt without the approval of the Chapter 13 trustee or authorization of the Bankruptcy Court. *See* Bankr. W.D.N.C. L.R. 4002-1(e)(2); *Chaney*, 308 B.R. at 590-91.

It is well established that plan creditors have an ongoing interest in a debtor's financial condition and economic choices during the years between plan confirmation and plan completion. *See id.* Because 11 U.S.C. § 1329(a) permits a debtor to request reduction of plan payments based on new financial hardship resulting after confirmation, creditors have the right to prevent the debtor from making decisions that might result in such an application for relief. Therefore, bankruptcy policy requires that while a plan is in place, the debtor take no actions that might have a significant impact on his or her financial condition without giving creditors and the trustee the opportunity to be heard about how such action might affect the viability of the plan. "Under Chapter 13, a debtor is required to live on a cash basis and incur no additional credit debt, except with the consent of the trustee." *In re Coursey*, 11 B.R. 944, 947 (Bankr. W.D. Mo. 1981); *see also In re Brown*, 170 B.R. 362, 364 (Bankr. S.D. Ohio 1994).

As Plaintiff could not apply for or incur debt without trustee or court approval, and did not seek the approval for doing so, any alleged reporting of Plaintiff's GM or First Premier accounts, no matter how allegedly inaccurate, could not cause concrete harm to Plaintiff. *Id.* Accordingly, because Plaintiff cannot have a concrete injury, she does not have standing to assert these claims.

## V. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice in its entirety. Any attempt by Plaintiff to amend her Complaint would be futile.

*/s/ Robert C. deRosset*
**ROBERT C. deROSSET**
N.C. State Bar No. 27656
**YOUNG, MOORE & HENDERSON, P.A.**
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622
(919) 782-6860
(919) 782-6753 Fax
bob.derosset@youngmoorelaw.com
*Counsel for Trans Union LLC*

# CERTIFICATE OF SERVICE

This is to certify that on January 4, 2019, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Patrick Lee Blair
patblair@hotmail.com
Law Office of Patrick Blair
5401 Red Fox Drive
Oak Ridge, NC 27310
(310) 422-0543
***Counsel for Plaintiff***

Caren D. Enloe
cenloe@smithdebnamlaw.com
Smith Debnam Narron Drake Saintsing & Myers, LLP
PO Box 26268
Raleigh, NC 27611
(919) 250-2000
(919) 250-2211 Fax
***Counsel for First Premier Bank***

Bradley Jason Lingo
blingo@kslaw.com
King & Spalding LLP
300 South Tyron Street, Suite 1700
Charlotte, NC 28202
(704) 503-2573
(704) 503-2622 Fax
***Counsel for Equifax Information Services, LLC***

Meb W. Anderson
mebanderson@agutah.com
Utah Attorney General's Office
160 E. 300 Street
Salt Lake City, UT 84114
(801) 366-0100
(801) 366-0101 Fax
***Counsel for Utah Higher Education Assistance Authority***

/s/ Robert C. deRosset
**ROBERT C. deROSSET**
N.C. State Bar No. 27656
**YOUNG, MOORE & HENDERSON, P.A.**
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622
(919) 782-6860
(919) 782-6753 Fax
bob.derosset@youngmoorelaw.com
***Counsel for Trans Union LLC***