UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-43-RJC-DCK

| | |
|---|---|
| SHENE BLEDSOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| TRANS UNION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Trans Union LLC's First Amended Motion to Dismiss, (Doc. No. 31), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 41). The parties have not filed objections to the M&R and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I. BACKGROUND

Plaintiff filed a Complaint, (Doc. No. 1), on January 26, 2018. Defendant Trans Union filed the instant First Amended Motion to Dismiss, (Doc. No. 31), on June 4, 2018. In the M&R, the Magistrate Judge suggested that Plaintiff file an amended complaint on or before December 21, 2018 and recommended that this Court dismiss the First Amended Motion to Dismiss as moot. (Doc. No. 41 at 5). Neither party objected to the M&R, but rather Plaintiff filed an Amended Complaint on December 21, 2018, (Doc. No. 46), which Defendant Trans Union moved to dismiss on January 4, 2019, (Doc. No. 46).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. §

636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). No objection to the M&R having been filed, the parties have waived their right to de novo review of any issue covered in the M&R. After reviewing the M&R and the entire record, the Court finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended

complaint superseded original complaint).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 41), is **ADOPTED** and Defendant Trans Union's Motion to Dismiss, (Doc. No. 31), is **DISMISSED as moot.**

Signed: January 16, 2019

Robert J. Conrad, Jr.
United States District Judge