# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:18-CV-043-RJC-DCK

| | | |
|---|---|---|
| SHENE BLEDSOE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| TRANS UNION, LLC, UTAH HIGHER | ) | |
| EDUCATION ASSISTANCE AUTHORITY, | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| and FIRST PREMIER BANK, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Trans Union LLC's Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 46). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Shene Bledsoe ("Plaintiff" or "Bledsoe") initiated this action with the filing of a "Complaint" (Document No. 1) on January 26, 2018.

Defendant Trans Union, LLC ("Defendant" or "Trans Union") first filed a "…Motion To Dismiss…" (Document No. 24) on May 14, 2018, to which Plaintiff filed a "…Response…" (Document No. 29) on May 29, 2018. Defendant then filed a second motion to dismiss, captioned as the "…First Amended Motion To Dismiss Complaint" (Document No. 31) on June 4, 2018, seeking dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The undersigned issued a "Memorandum And Recommendation" (Document No. 41) on November 8, 2018, recommending

that "Defendant Trans Union LLC's First Amended Motion To Dismiss Complaint" (Document No. 31) be denied without prejudice and that Plaintiff be directed to file an Amended Complaint.

Plaintiff's "First Amended Complaint" (Document No. 44) (the "Amended Complaint") was filed on December 21, 2018. (Document No. 44, p. 3). The Amended Complaint notes that Plaintiff Bledsoe filed for Chapter 13 bankruptcy on or about September 22, 2016. (Document No. 44, p. 3). Like the original Complaint, the Amended Complaint asserts that jurisdiction is appropriate here pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"). (Document No. 44, p. 1).

The Amended Complaint asserts claims against Trans Union, Equifax Information Services, LLC ("Equifax"), First Premier Bank ("First Premier"), and Utah Higher Education Assistance Authority ("UHEAA"). (Document No. 44). However, the undersigned notes that Plaintiff has filed "Notice[s] Of Settlement…" (Document Nos. 43, 45 and 48) regarding First Premier and Equifax. The "Notice[s] Of Settlement…" state that Stipulations of Dismissal would be filed by February 24, 2019 and March 4, 2019. (Document Nos. 45 and 48). To date, Plaintiff has failed to dismiss Equifax or First Premier and has failed to seek additional time to file Stipulations of Dismissal.[1] See (Document No. 55, p. 1).

According to the Amended Complaint, General Motors Financial Company, Inc. ("GM Financial") and First Premier Bank "are inaccurately reporting their trade lines in Plaintiff's Trans Union credit file..." and UHEAA is "inaccurately reporting its trade line . . . on Plaintiff's Equifax credit file." (Document No. 44, pp. 2-3). Plaintiff refers to these allegedly inaccurately reported "trade lines" as "Errant Trade Lines." (Document No. 44, p. 3). On or about November 13, 2017,

---

[1] Plaintiff did file a "Notice Of Voluntary Dismissal As To General Motors Financial Company, Inc., Only With Prejudice And Without Costs To Either Party" (Document No. 36) on August 14, 2018.

Plaintiff submitted letters to Equifax and Trans Union disputing the Errant Trade Lines and requesting that they report the correct information. (Document No. 44, pp. 3-4). Plaintiff notes that Equifax and Trans Union forwarded her dispute to GM Financial, First Premier, and UHEAA. (Document No. 44, p. 4). The Amended Complaint asserts that "Trans Union has issued consumer reports containing the Errant Trade Lines regarding Plaintiff to third parties on at least fifteen different occasions since January 9, 2018." Id.

Plaintiff contends that due to "Defendants' negligent and/or willful failure to comply with" FCRA, "Plaintiff has suffered credit and emotional damages." (Document No. 44, p. 4). Plaintiff further contends that due to "Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines." (Document No. 44, p. 5). Most pertinent to this "Memorandum And Recommendation," Plaintiff alleges in Counts VII and VIII that Trans Union, LLC ("Defendant" or "Trans Union") is liable for negligent and willful violation of the FCRA. (Document No. 44, pp. 12-14).

"Defendant Trans Union LLC's Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 46) was filed on January 4, 2019. Trans Union seeks dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Document Nos. 46, 47, 52). "Plaintiff's Response…" (Document No. 51) was filed on January 18, 2019; and "Defendant Trans Union LLC's Reply…" (Document No. 52) was filed on January 25, 2019.

The pending motion to dismiss is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The

3

existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled

4

to relief." Specific facts are not necessary; the statement need only
"'give the defendant fair notice of what the ... claim is and the
grounds upon which it rests.'" In addition, when ruling on a
defendant's motion to dismiss, a judge must accept as true all of the
factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant Trans Union contends that it should be dismissed because "Plaintiff has alleged a legal question, and not a factual inaccuracy," and that the absence of the threshold element of a factual inaccuracy is fatal to Plaintiff's claims under 15 U.S.C. §§ 1681(e)(b) and 1681i. (Document No. 47, p. 1). Defendant notes that Plaintiff's FCRA claims require her to plead that: "(1) there was inaccurate information contained in her Trans Union credit report, and (2) that she sustained damages that were caused by Trans Union." (Document No. 47, pp. 4-5) (citations omitted). See also (Document No. 47, p. 9) ("§ 1681i claim fails for the same reasons . . . failure to show factual inaccuracy was present in her consumer files or that she suffered damages.").

In addition, Defendant contends that even if Plaintiff sufficiently alleged FCRA claims, she failed to plead any recoverable damages. (Document No. 47, p. 1). Defendant asserts that

> [b]ecause Plaintiff was a debtor in an open Chapter 13 bankruptcy
> at all times relevant, Plaintiff was prohibited from applying for new
> debt without the permission of the trustee or bankruptcy court,
> which she never sought, and therefore Plaintiff could not have

sustained a concrete injury in the form of credit damages or credit-related emotional damages.

(Document No. 47, pp. 1-2).  "Plaintiff's alleged damages are completely without merit because Plaintiff did not even have the legal capacity to seek or incur debt without approval of the Bankruptcy Court."  (Document No. 47, p. 9) (citing Bankr. W.D.N.C. L.R. 4002-1(e)(2)).

Defendant further suggests that because Plaintiff has no recoverable damages, this Court lacks subject matter jurisdiction.  (Document No. 47, p. 2).  "To adequately plead Article III standing, a plaintiff must allege:  (1) that he or she "suffered an injury in fact," (2) that the injury "is fairly traceable to the challenged conduct of the defendant," and (3) that the injury "is likely to be redressed by a favorable judicial decision."  (Document No. 47, p. 13) (quoting Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)).  Defendant again asserts that because Plaintiff was in bankruptcy, she was prohibited from incurring debt and, therefore, cannot have a concrete injury based on alleged credit damages.  (Document No. 47, pp. 14-15).

In response, Plaintiff asserts that she has "pled multiple factual inaccuracies;  namely, that Trans Union is not reporting any monthly payment amount or payment history to show the payments made by Plaintiff."  (Document No. 51, p. 1).  Plaintiff further asserts that she has "pled that Trans Union issued a consumer report for Plaintiff to a third party that contains false and misleading information" and has "pled sufficient damages, in terms of both credit and emotional damages."  Id.  See also (Document No. 51, p. 7).

Plaintiff argues that Defendant's suggestion that matters associated with her bankruptcy proceeding are necessarily "legal" issues is inaccurate and that Defendant has cited no authority for that position.  (Document No. 51, p. 5).  "Whether or not Plaintiff is making her monthly payments to GM Financial through the bankruptcy plan and the amount of those payments is a factual issue, not a legal issue (even though legal processes resulted in those facts)."  Id.

Next, Plaintiff asserts that contrary to Defendant's argument that she did not sufficiently allege that Trans Union failed to follow reasonable procedures, she specifically pled in the Amended Complaint that "Trans Union '**failed to maintain and/or follow reasonable procedures** to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Bledsoe, in violation of 15 USC § 1681e(b).'" (Document No. 51, p. 6) (citing Document No. 47, p. 7) and (quoting Document No. 44, ¶¶ 49 and 56) (emphasis added). Plaintiff further asserts that she is not required at this stage to plead with greater particularity and "cannot know Trans Union's investigative procedures until Plaintiff engages in discovery." Id. See also (Document No. 51, pp. 7-8).

Finally, the undersigned notes that Plaintiff relies on a recent decision by the Ninth Circuit in support of her arguments. (Document No. 51, pp. 10-12) (citing Robins v. Spokeo, Inc., 867 F.3d 1108 (9th Cir. 2017)).

> Trans Union's violations of the FCRA are sufficient to establish an injury-in-fact and thus confer standing upon Plaintiff. "[W]hile [the plaintiff] may not show an injury-in-fact merely by pointing to a statutory cause of action, the Supreme Court also recognized that *some* statutory violations, alone, do establish concrete harm." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) (italics in original) ("*Spokeo III*"). Moreover, "an alleged procedural violation [of a statute] can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents 'a risk of real harm' to that concrete interest." *Spokeo III*, 867 F.3d at 1113.
>
> In *Spokeo III*, the Ninth Circuit was required to determine whether the plaintiff had standing to pursue his Section 1681e(b) claim against a consumer reporting agency. "In evaluating [the plaintiff's] claim of harm, we thus ask: (1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Spokeo III*, 867 F.3d at 1113.

(Document No. 51, p. 10).

Leaning on Spokeo, Plaintiff concludes that Sections 1681e(b) and 1681i of FCRA were established to protect consumers' concrete interests, "[t]herefore, the FCRA provisions at issue in the instant case were established to protect Plaintiff's concrete interests." (Document No. 51, p. 11). The allegations that "Trans Union violated Sections 1681e(b) and 1681i are sufficient to confer standing upon Plaintiff to bring her claims against Trans Union." (Document No. 51, p. 12).

In reply, Defendant Trans Union declines to distinguish, or even address, the applicability of Robins v. Spokeo, Inc., 867 F.3d 1108 (9th Cir. 2017) here. (Document No. 52). Instead, Defendant re-asserts that Plaintiff could not have suffered any damages, because she failed to "allege that she sought permission from the Bankruptcy Court, or acquired additional debt with its permission." (Document No. 52, pp. 2-3). Defendant also re-asserts that there is no factual inaccuracy here because the reporting on the disputed accounts is a legal question. (Document No. 52, pp. 3-4).

The undersigned has carefully reviewed these and other arguments in Defendant's reply brief, as well as those in its "…Brief In Support Of Its Motion To Dismiss…" (Document No. 47). Nevertheless, the undersigned finds Plaintiff's arguments and cited authority in response most persuasive.

In short, the undersigned is satisfied that Plaintiff's claims are sufficiently pled at this stage of the litigation consistent with the Standard Of Review set forth above and that this matter should proceed to discovery. See (Document No. 44, ¶¶ 6, 8, 19, 20, 21, 46-59). This decision is without prejudice to Defendant raising its arguments at a later date after further development of the record.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Trans Union LLC's Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 46) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the parties be directed to file Stipulations of Dismissal regarding Defendants Equifax Information Services, LLC and First Premier Bank without further delay.

**IT IS FURTHER RECOMMENDED** that the **STAY** in this matter be terminated and that the Court issue a Pretrial Order And Case Management Plan.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 16, 2019

David C. Keesler
United States Magistrate Judge